# Exhibit "A"

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JUNIE DESCOLLINE,

      Plaintiff,               Case No.:

v.

GMN LAW GROUP LLC d/b/a
AMERIHOPE ALIANCE LEGAL SERVICES, LLC

      Defendant.

_____/

## COMPLAINT

Plaintiff, JUNIE DESCOLLINE ("Plaintiff"), by and through the undersigned

counsel, hereby sues Defendant, GMN LAW GROUP LLC d/b/a AMERIHOPE ALIANCE

LEGAL SERVICES, LLC ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding

attorneys' fees or costs for discriminatory treatment and retaliation predicted on Plaintiff's

race, national origin and color pursuant to the Florida Civil Rights Act of 1992, Florida

Statutes, Chapter 760, *et seq.* ("FCRA").

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of

Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a

covered employee for purposes of the FCRA.

4. Defendant, GMN LAW GROUP LLC d/b/a AMERIHOPE ALIANCE LEGAL

      SERVICES, LLC has a place of business in Broward County, Florida, where

      Plaintiff worked for Defendant.

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 02/25/2020 04:18:05 PM.****

5. Venue is proper in Broward County, Florida because all of the relevant actions that form the basis of this Complaint occurred within Miami Dade County, Florida.

6. Plaintiff is Black Haitian and, thus, is a member of a protected class under the FCRA because the terms, conditions, and/or privileges of his employment were altered as a result of national origin, race, and color discrimination.

7. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7)).

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Florida Commission on Human Relations.

9. Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorney's fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff is a Black Haitian and began working for Defendant on or about May 18, 2018 as a Loan Modification Paralegal.

12. Plaintiff experienced disparate treatment from the owner Sherill Clarke a white American.

13. Plaintiff was the only Haitian employee in the company.

14. Plaintiff was constantly harassed and blamed for other employee's mistakes.

15. Plaintiff was reprimanded for going forty-five minutes overtime and then was forced to work thirty-nine hours for the following three weeks.

2

16. The non-black employees would never be reprimanded as such.

17. Melanie (LNU), a Black Jamaican female was the only other employee who received a similar punishment for working overtime.

18. Ms. Clark would belittle Plaintiff in front of other employees with the intention to embarrass her.

19. On or about February 12, 2019 Clark slammed a door in Plaintiffs face, and admitted to being disrespectful but stated she would never apologize.

20. On or about April 9, 2019 Plaintiff was terminated from the company by attorney Gregory Nordt, although the decision came from Clarke.

21. Plaintiff sent an email notifying the company that Plaintiff felt like she was being bullied and discriminated against although I had outstanding customer reviews great attendance.

22. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times did perform her job at satisfactory or above satisfactory levels.

23. Any explanation proffered by Defendant for the adverse employment actions toward Plaintiff is mere pretext for unlawful discrimination.

24. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

## COUNT I
### Race Discrimination in Violation of the FCRA

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein

26. Plaintiff is a member of a protected class under the FCRA.

3

27. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

28. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

29. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

30. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

31. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

32. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

33. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

34. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such

action in the future.

35. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation of the FCRA*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

37. Plaintiff is a member of a protected class under the FCRA.

5

38. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

39. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black American.

40. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

41. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

42. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

43. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

44. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

45. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus

entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

46. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Color Discrimination in Violation of the FCRA*

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

48. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals color.

49. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon color considerations or reasons.

50. The Plaintiff is a Black individual and she possessed the requisite qualifications and skills to perform her position with Defendant.

51. Plaintiff was qualified for her position with Defendant.

52. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated non-Black employees were allowed better work opportunities.

53. The Plaintiff was terminated as a result of her color and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

54. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

55. Moreover, as a further result of the Defendant unlawful color based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

56. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her color in the terms, conditions, and privileges of employment.

57. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of color.

58. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color;

d. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

f. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

i.  Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

j.  Grant PLAINTIFF a trial by jury; and

k.  Grant such other and further relief as the Court deems just and proper.

## COUNT IV
### RETALIATION IN VIOLATION OF THE FCR

1.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

2.  Defendant is an employer as that term is used under the applicable statutes referenced above.

3.  The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

4.  The foregoing unlawful actions by Defendant were purposeful.

5.  Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

6.  Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

7.  As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits,

embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

8. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

11

J.   Grant PLAINTIFF a trial by jury; and

K.   Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____ 2-24-20 _____

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE,
PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting **data** pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Junie Descolline</u>
 Plaintiff
          vs.
<u>GMW Law Group LLC</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>350,000</u>

**III.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☐ Negligence – other | ☐ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☒ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☐ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.     **REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☒  Non-monetary declaratory or injunctive relief;
☒  Punitive

V.      **NUMBER OF CAUSES OF ACTION:**
       (Specify)

       <u>4</u>

VI.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

VII.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

VIII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Jason S Remer</u>
            Attorney or party
FL Bar No.: <u>165580</u>
            (Bar number, if attorney)
            <u>Jason S Remer</u>
            (Type or print name)
   Date:  <u>02/25/2020</u>

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JUNIE DESCOLLINE,

      Plaintiff,

v.

      Case No. CACE 20-003410

GMN LAW GROUP LLC d/b/a
AMERIHOPE ALIANCE LEGAL SERVICES, LLC

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** GMN LAW GROUP LLC d/b/a AMERIHOPE ALIANCE LEGAL SERVICES, LLC,
through its Registered Agent:

      Nordt , Gregory M
      7501 NW 4TH STREET
      SUITE 207A
      PLANTATION, FL 33317

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S
ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service
of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint. You must also
file your answer with the Clerk of this Court within a reasonable period of time after service.

      MAR 02 2020

_____
CLERK                    DATE

_____
(BY) DEPUTY CLERK

BRENDA D. FORMAN

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**

**IN AND FOR BROWARD COUNTY, FLORIDA**

JUNIE DESCOLLINE,                                    CASE NO.: CACE20-003410

      Plaintiff,

v.

GMN LAW GROUP LLC d/b/a
AMERIHOPE ALLIANCE LEGAL
SERVICES, et. al.,

      Defendants.

_____

## **DEFENDANT'S MOTION FOR EXTENSION OF TIME TO SERVE A RESPONSE AND/OR DIRECT MOTIONS TO PLAINTIFF'S COMPLAINT**

**COMES NOW** the Defendant, GMN LAW GROUP LLC d/b/a AMERIHOPE ALLIANCE LEGAL SERVICES (hereinafter referred to as "Defendant"), by and through its undersigned counsel and makes this its Motion for an Extension of Time within which to serve a response and/or direct Motions to Plaintiff's Complaint and in furtherance thereof would state as follows:

1. That on February 25, 2020, Plaintiff filed its Complaint with the Clerk of the Court.

2. That on March 23, 2020, Defendant was served with a Complaint in the above styled action.

3. That on April 12, 2020, a response from Defendant to Plaintiff's Complaint is due.

4. That the Defendant is in need of a sixty (60) day extension, to wit: June 11, 2020 within which to respond and/or direct Motions to Plaintiff's Complaint.

5. That this Motion is filed in good faith and without any intention to delay or prejudice the parties.

6. That simultaneously with the service of this Motion for Extension of Time, the undersigned is contacting counsel for the Plaintiff to determine whether an Agreed Order can be entered on this Motion.

WHEREFORE, the Defendant, respectfully requests this Honorable Court to enter an Order allowing Defendant additional time to respond to Plaintiff's Complaint.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Mail to Jason S. Remer, Esq., Remer & Georges-Pierre, PLLC, *Attorneys for Plaintiff*, 44 W Flagler Street, Suite 2200, Miami, FL 33130 at jremer@rgpattorneys.com, pursuant to Fla. R. Civ. P. Rule 2.516(b)(1)(A), on this 9th day of April, 2020.

**Amerihope Alliance Legal Services**
**Attorney for Defendants**
**7501 NW 4th Street, Suite 207A, Plantation, FL 33317**
**Office: 877-882-5338, Fax: 954-919-6337**

By: /s/ Gregory M. Nordt

Gregory M. Nordt, Esq.
Florida Bar No.: 67067
Primary E-Mail: gnordt@amerihopealliance.com
E-mail Service: pleadings@amerihopealliance.com

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. <u>CACE20003410</u>   DIVISION <u>18</u>   JUDGE <u>William Haury Jr</u>

**Junie Descolline**

Plaintiff(s) / Petitioner(s)

v.

**GMW Law Group LLC**

Defendant(s) / Respondent(s)

_____/

## **AGREED ORDER**

THIS CAUSE, having come before the Court upon Defendant's, GMN LAW GROUP LLC d/b/a AMERIHOPE ALLIANCE LEGAL SERVICES's, Motion for Extension of Time to Serve a Response and/or Direct Motions to Plaintiff's Complaint, and counsel for Plaintiff and counsel for Defendants, having come to an agreement concerning the same, and the Court being otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED:**

That Defendant's Motion for Extension of Time is hereby Granted.

That Defendant shall have an additional time of twenty (30) days from the entry of this Order to file a responsive pleading to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>04-20-2020</u>.

<u>CACE20003410 04-20-2020 3:40 PM</u>

Hon. William Haury Jr

**CIRCUIT JUDGE**

Electronically Signed by William Haury Jr

**Copies Furnished To:**

Gregory M Nordt , E-mail : pleadings@amerihopealliance.com

Jason S Remer , E-mail : pn@rgpattorneys.com

Jason S Remer , E-mail : jremer@rgpattorneys.com

CaseNo: CACE20003410
Page 2 of 2

Jason S Remer , E-mail : ng@rgpattorneys.com

Case 0:21-cv-61307-AHS   Document 1-1   Entered on FLSD Docket 06/24/2021   Page 21 of 57

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

JUNIE DESCOLLINE

CASE NO.  CACE-20-003410 (18)

     Plaintiff,

v.

GMN LAW GROUP LLC d/b/a AMERIHOPE
ALLIANCE LEGAL SERVICES, LLC

     Defendant.                 /

## NOTICE OF APPEARANCE AND COMPLIANCE WITH RULE 2.516(b)(1) AND DESIGNATION OF EMAIL ADDRESS

PLEASE TAKE NOTICE that **Dana M. Gallup, Esq.** of the law firm of **GALLUP AUERBACH** hereby appears in this proceeding as counsel for Defendant, **GMN LAW GROUP LLC d/b/a AMERIHOPE ALLIANCE LEGAL SERVICES, LLC**, and requests that all correspondence, notices and pleadings, motions and other papers be hereafter served on the undersigned counsel.

Dana M. Gallup, Esq., on behalf of **GMN LAW GROUP LLC d/b/a AMERIHOPE ALLIANCE LEGAL SERVICES, LLC** hereby files this Notice of Compliance with Rule 2.516(b)(1) and Designation of E-Mail Address and designate the following e-mail addresses for service of pleadings, notices, motions, orders and other documents in the above-styled matter:

| | |
|---|---|
| Primary E-Mail: | dgallup@gallup-law.com |
| Secondary E-Mails: | mescobar@gallup-law.com |
| | jauerbach@gallup-law.com |
| | dauerbach@gallup-law.com |
| | csox@gallup-law.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2020, the foregoing has been electronically filed with the Clerk of the Court via the Florida Courts E-Portal which will generate electronic service/copies to Jason S. Remer, Esq. (jremer@rgpattorneys.com), *Counsel for Plaintiff,* Remer & Georges-Pierre, PLLC, 44 W. Flagler Street, Suite 2200, Miami, FL 33130

**GALLUP AUERBACH**
*Counsel for Defendant*
4000 Hollywood Boulevard
Presidential Circle - Suite 265 South
Hollywood, Florida 33021
t: (954) 894-3035; f : (954) 894-8015
dgallup@gallup-law.com


By:   /s/ Dana M. Gallup
        DANA M. GALLUP
        Florida Bar No. 0949329

2

**THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA**

Junie Descolline

     Plaintiff,

vs.

 GMW Law Group LLC

     Defendant,

CASE NO.: CACE20003410
JUDGE: Haury, William W., Jr. (18)

**NOTICE OF LACK OF PROSECUTION AND NOTICE OF HEARING PURSUANT TO
FLORIDA RULE OF CIVIL PROCEDURE 1.420 (e)**

     **NOTICE** it appears on the face of the record _no record activity_ by way of filing of pleadings, orders of the court, or otherwise, has occurred for a period of 10 months immediately preceding service of this notice. Further, no order staying the action has been issued nor stipulation for stay approved by the court. Therefore, any interested person, whether a party to the action or not, including the Court, may serve notice to all parties that no such activity has occurred and such Notice is hereby given.

     **THEREFORE**, pursuant to _Fla. R. Civ. P._ 1.420 (e), if no record activity occurs within 60 days following the service of this notice; and, if no stay is issued during the 60-day period, this action **shall be dismissed** by the Court on its own motion; or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties. Notice is hereby given that unless a party shows good cause in writing at least **5 days** prior to the hearing, this case shall be dismissed without further order of the court. A hearing is scheduled on this Notice of Lack of Prosecution for 05-25-2021 9:30 AM before the Honorable Haury, William W., Jr. (18)                                                              , in Courtroom  14170 or Zoom: https://17thflcourts.zoom.us/j/598494885                                                              , of the Broward County Courthouse, 201 SE 6th Street, Ft Lauderdale, FL 33301

Check Court Procedures to determine Court or Zoom.

Should a pleading be filed within the time period set forth herein, the scheduled hearing **IS NOT CANCELLED.** The scheduled hearing will go forward as a case management conference per FLRCivP 1.200 to determine the status of the case. All counsel and any self-represented party MUST appear at the hearing and be prepared to schedule future events on the matter. **FAILURE TO APPEAR MAY RESULT IN A DISMISSAL OF THE CASE, SANCTIONS, OR ENTRY OF A DEFAULT.** Telephonic appearances are not permitted absent prior approval from the Court.

**Further, pursuant to the Florida Rules of Jud Adm 2.516 (h) the Court orders counsel of record SHALL serve this notice on any self-presented party as prescribed by law.**

**DONE AND ORDERED** at Fort Lauderdale, FL on March 16, 2021

CACE20003410 03-16-2021 7:35 PM

CACE20003410 03-16-2021 7:35 PM

**CIRCUIT COURT JUDGE**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

Copies Furnished to:

Carter Sox, Email : csox@gallup-law.com
Dana M Gallup Esq, Email : mescobar@gallup-law.com
Dana M Gallup Esq, Email : dauerbach@gallup-law.com
Dana M Gallup Esq, Email : dgallup@gallup-law.com
Gregory M Nordt, Email : pleadings@amerihopealliance.com
Jacob K. Auerbach, Email : mescobar@gallup-law.com
Jacob K. Auerbach, Email : dgallup@gallup-law.com
Jacob K. Auerbach, Email : jauerbach@gallup-law.com
Jason S Remer, Email : pn@rgpattorneys.com
Jason S Remer, Email : jremer@rgpattorneys.com
Jason S Remer, Email : ng@rgpattorneys.com

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JUNIE DESCOLLINE,

     Plaintiff,                               Case No. CACE20003410

v.

GMW LAW GROUP LLC

     Defendant.

_____/

## **MOTION FOR DEFAULT FOR FAILURE TO SECURE COUNSEL**

COMES NOW, Plaintiff, JUNIE DESCOLLINE with this MOTION FOR DEFAULT FOR FAILURE TO RESPOND TO THE COMPALINT and allege as follows:

1. Plaintiff filed its complaint against Defendants on February 25, 2020.

2. The Defendant, by and through their counsel, filed a Motion for Extension of Time TO SERVE A RESPONSE AND/OR DIRECT MOTIONS TO PLAITIFF'S COMPALINT on April 9, 2020.

3. This honorable court issued an order on April 20, 2020 that defendant shall have an additional time of twenty days from the entry of the order to file a responsive pleading.

4. It has now been over a year since that responsive pleading was due.

5. Plaintiff therefore requests that a default judgment issue

## **MEMORANDUM OF LAW**

Florida Rules of Civil Procedure Section 1.500(b) States:

**"(b) By the Court.** When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any document in the action, that party must be served with notice of the application for default."

In the instant situation no only did the Defendant fail to respond but Defendant also failed to file it's responsive pleading pursuant to the Agreed Order issued by this court.

**WHEREFORE**, Plaintiff moves this Honorable Court to enter a default judgment against Defendant and any other relief that the court deems appropriate.

Dated: May 17, 2021

Respectfully submitted,

*__|S| Daniel H. Hunt__*

**REMER & GEORGES-PIERRE, PLLC**
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Daniel H. Hunt, Esq.
Florida Bar No. 121247
dhunt@rgpattorneys.com
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005

Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 17, 2021 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-filing Portal. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

By: *<u>/s/ Daniel H. Hunt, Esq.</u>*
Daniel H. Hunt, Esq.
Florida Bar No. 121247

### SERVICE LIST

Fregory M. Nordt, Esq.
Florida Bar No. 67067
gnordt@amerihopealliance.com
pleadings@amerihopealliance.com
AMERIHOPE ALLIANCE LEGAL SERVICES
7501 NW 4th Street, Suite 207A
Plantation, FL 33317
Office: 877-882-5338
Fax:    954-919-6337

Attorney for Defendant

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JUNIE DESCOLLINE,

      Plaintiff,                                   Case No. CACE20003410

v.

GMW LAW GROUP LLC

      Defendant.

_____/

## NOTICE OF APPEARANCE AS COUNSEL

      PLEASE TAKE NOTICE that the undersigned counsel, Daniel H. Hunt, Esq., hereby

files this Notice of Appearance as counsel on behalf of the Plaintiff in the above-styled cause.

The undersigned associate counsel requests that copies of all pleadings, notices, correspondence,

and communications of any type, be furnished to him in accordance therewith.

Dated: May 17, 2021

                                   Respectfully submitted,

                                   ___*/S/ Daniel H. Hunt*___
                                   **REMER & GEORGES-PIERRE, PLLC**
                                   Jason S. Remer, Esq.
                                   Florida Bar No. 0165580
                                   jremer@rgpattorneys.com
                                   Daniel H. Hunt, Esq.
                                   Florida Bar No. 121247
                                   dhunt@rgpattorneys.com
                                   Courthouse Tower
                                   44 West Flagler Street, Suite 2200
                                   Miami, FL 33130
                                   Tel: (305) 416-5000
                                   Fax: (305) 416-5005

                                   Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 17, 2021 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-filing Portal. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

By: */s/ Daniel H. Hunt, Esq.*

Daniel H. Hunt, Esq.
Florida Bar No. 121247

## SERVICE LIST

Fregory M. Nordt, Esq.
Florida Bar No. 67067
gnordt@amerihopealliance.com
pleadings@amerihopealliance.com
AMERIHOPE ALLIANCE LEGAL SERVICES
7501 NW 4th Street, Suite 207A
Plantation, FL 33317
Office: 877-882-5338
Fax:    954-919-6337

Attorney for Defendant

THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Junie Descolline

     Plaintiff,

v.

  GMW Law Group LLC

     Defendants,

_____/

CASE NO: CACE20003410
JUDGE: Haury, William W., Jr. (18)
DIVISION: **18**

## ORDER SETTING CASE MANAGEMENT CONFERENCE TO SET TRIAL DATE

THIS MATTER is before the Court sua sponte.  A review of the docket in the above-referenced case reveals no calendar call or trial date is currently set.

Therefore, pursuant to Rules 1.200(a)(2) and 1.440 of the Florida Rules of Civil Procedure, the Court hereby sets the above-referenced case for a case management conference for purpose of setting the case for calendar call and trial.  If prior to the case management conference date the parties set the matter for calendar call and trial, the Court will cancel the case management conference.

Accordingly, after due consideration, it is

**ORDERED and ADJUDGED** that the above-referenced case is hereby set for a case management conference for  08-11-2021 9:30 AM  in courtroom 14170 or Zoom: https://17thflcourts.zoom.us/j/598494885

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on May 26, 2021.

CACE20003410 05-26-2021 7:12 PM

CACE20003410 05-26-2021 7:12 PM

CIRCUIT COURT JUDGE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

Copies Furnished:

Carter Sox, Email : csox@gallup-law.com
Dana M Gallup Esq, Email : dauerbach@gallup-law.com
Dana M Gallup Esq, Email : dgallup@gallup-law.com
Dana M Gallup Esq, Email : mescobar@gallup-law.com
Daniel Harrison Hunt, Email : ad@rgpattorneys.com
Daniel Harrison Hunt, Email : pn@rgpattorneys.com
Daniel Harrison Hunt, Email : dhunt@rgpattorneys.com
Gregory M Nordt, Email : pleadings@amerihopealliance.com
Jacob K. Auerbach, Email : mescobar@gallup-law.com
Jacob K. Auerbach, Email : jauerbach@gallup-law.com
Jacob K. Auerbach, Email : dgallup@gallup-law.com
Jason S Remer, Email : pn@rgpattorneys.com
Jason S Remer, Email : jremer@rgpattorneys.com
Jason S Remer, Email : ng@rgpattorneys.com

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.  <u>CACE20003410</u>   DIVISION  <u>18</u>   JUDGE  <u>William Haury Jr</u>

**Junie Descolline**

Plaintiff(s) / Petitioner(s)

v.

**GMW Law Group LLC**

Defendant(s) / Respondent(s)

_____/

## ORDER ON INTENT TO DISMISS FOR LACK OF PROSECUTION

**THIS CAUSE** having come before the Court for hearing on May 25, 2021, pursuant to the

Order to Appear on the Notice of Lack of Prosecution and Notice of Hearing Pursuant to Rule

1.420(e), Fla. R. Civ. P. dated March 6, 2021, and the Party(ies) having been timely and

properly noticed for the  hearing, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. The case shall REMAIN PENDING.

2. The Court finds that the Party(ies) appeared and affirmatively established there has been
   record activity within sixty (60) days immediately following the service of the Notice and
   Order to Appear.

3. Defendant shall have 10 days to file it's response to the Complaint.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>05-27-2021</u>.

<u>CACE20003410 05-27-2021 6:16 PM</u>

Hon. William Haury Jr

**CIRCUIT JUDGE**

Electronically Signed by William Haury Jr

**Copies Furnished To:**

Carter Sox , E-mail : [csox@gallup-law.com](mailto:csox@gallup-law.com)
Dana M Gallup Esq , E-mail : [dauerbach@gallup-law.com](mailto:dauerbach@gallup-law.com)
Dana M Gallup Esq , E-mail : [dgallup@gallup-law.com](mailto:dgallup@gallup-law.com)
Dana M Gallup Esq , E-mail : [mescobar@gallup-law.com](mailto:mescobar@gallup-law.com)
Daniel Harrison Hunt , E-mail : [ad@rgpattorneys.com](mailto:ad@rgpattorneys.com)
Daniel Harrison Hunt , E-mail : [pn@rgpattorneys.com](mailto:pn@rgpattorneys.com)
Daniel Harrison Hunt , E-mail : [dhunt@rgpattorneys.com](mailto:dhunt@rgpattorneys.com)
Gregory M Nordt , E-mail : [pleadings@amerihopealliance.com](mailto:pleadings@amerihopealliance.com)
Jacob K. Auerbach , E-mail : [mescobar@gallup-law.com](mailto:mescobar@gallup-law.com)
Jacob K. Auerbach , E-mail : [jauerbach@gallup-law.com](mailto:jauerbach@gallup-law.com)
Jacob K. Auerbach , E-mail : [dgallup@gallup-law.com](mailto:dgallup@gallup-law.com)
Jason S Remer , E-mail : [pn@rgpattorneys.com](mailto:pn@rgpattorneys.com)
Jason S Remer , E-mail : [jremer@rgpattorneys.com](mailto:jremer@rgpattorneys.com)
Jason S Remer , E-mail : [ng@rgpattorneys.com](mailto:ng@rgpattorneys.com)

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

JUNIE DESCOLLINE                                    CASE NO.  CACE-20-003410 (18)

      Plaintiff,

v.

GMN LAW GROUP LLC d/b/a AMERIHOPE
ALLIANCE LEGAL SERVICES, LLC

_____Defendant._____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, GMN LAW GROUP LLC d/b/a AMERIHOPE ALLIANCE LEGAL SERVICES,

LLC. ("AMERIHOPE"), by and through its undersigned counsel, and pursuant to the Florida Rules

of Civil Procedure, moves to dismiss Plaintiff's, JUNIE DESCOLLINE ("DESCOLLINE"),

Complaint with prejudice, and in support thereof, states as follows:

### I.  PROCEDURAL AND FACTUAL BACKGROUND

1.      On February 25, 2020, the Plaintiff filed the subject lawsuit alleging claims of race

discrimination (Count I), national origin discrimination (Count II), color discrimination (Count III)

and retaliation (Count IV), all pursuant to the Florida Civil Rights Act ("FCRA").

2.      With respect to all counts of the Complaint, the Plaintiff must establish that the applicable

numerosity requirements set forth under the FCRA are satisfied in order for both AMERIHOPE to

constitute an employer under the FCRA and the Court to have jurisdiction over such claims under the

FCRA.  As detailed below, however, the Plaintiff cannot make this showing as AMERIHOPE did not

employ a minimum of fifteen (15) employees throughout the period required by the FCRA.

3.      Accordingly, this Court lacks subject matter jurisdiction over the Plaintiff's FCRA claims,

and therefore, Plaintiff's Complaint must be dismissed with prejudice.

## II.    MEMORANDUM OF LAW

### A.    Standard of Review

Fla. R. Civ. P. 1.140(b) provides that the defense of lack of jurisdiction over the subject matter may be raised by a motion to dismiss. Whether a court lacks subject matter jurisdiction over a claim is a threshold question appropriately presented by way of a motion to dismiss.  When making this determination regarding subject matter jurisdiction at the motion to dismiss stage, it is proper for the court to consider the parties' affidavits and exhibits without converting the motion to dismiss into a motion for summary judgment. *Holland v. Anheuser Busch, Inc.* 643 So. 2d 621, 623 n.2 (Fla. 2d DCA 1994) (recognizing that "under certain circumstances a trial court, on a motion to dismiss supported by affidavit, has the authority to decide ultimate issues of fact relating to . . . jurisdiction over the subject matter").

### B.    The Complaint Alleging Claims under the FCRA Must be Dismissed with Prejudice

In order to bring her FCRA claims against AMERIHOPE the Plaintiff must establish that AMERIHOPE qualifies as an employer under the FCRA.  The Plaintiff, however, cannot make this showing, as detailed below.

Specifically, the FCRA defines an "employer" as "any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  Fla. Stat. §760.02(7).  "The 'current year' refers to the year in which the alleged unlawful practice occurred." *Mousa*, 258 F. Supp. 2d at 1334.[1]  Here, the Plaintiff alleges that she was subjected to the unlawful employment practices at issue in 2019, and, therefore, 2018 and 2019 are the relevant time periods to review for purposes of determining AMERIHOPE's status as an "employer" under the FCRA.

---

[1].      The FCRA is modeled after Title VII and, as such, federal case law interpreting Title VII is also applicable to the FCRA. *Maldonado v. Publix Supermarkets*, 939 So. 2d 290, 293 n.2 (Fla. 4th DCA 2006).

2

Generally, courts use the "payroll method" to determine whether an employer has the threshold number of employees for such purposes. *See Hall v. One Point Fin. LLC*, 1:09-cv-1458-WBH-AJB, 2009 WL 10668570, *4 (N.D. Ga. Dec. 31, 2009); *Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 206 (1997) (explaining that the payroll method is used to determine whether an employer "has" an employee "since the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll"). When using the payroll method, courts look to the number of employees on the defendant's payroll during the relevant time period to determine whether the defendant is an "employer" for purposes of Title VII and the FCRA. *See Vazquez v. Melamed*, 598 Fed. Appx. 760, 760-761 (11th Cir. 2015) (explaining that there were never more than 14 employees on the defendant's payroll at any point during the relevant time period, and thus the plaintiff's conclusory assertion that the defendant employed more than 15 employees could not "save the day").

Significantly, AMERIHOPE did not employ fifteen (15) or more employees for each working day in each of 20 or more calendar weeks in 2018 or 2019. This is evident from a review of AMERIHOPE's Quarterly Reports submitted to the State of Florida, otherwise known as RT-6 forms, for the relevant time period, which are attached as **Exhibit "1"** to the Affidavit of Sherrill Clark, which is attached hereto **Exhibit "A."** As a result, AMERIHOPE does not satisfy the statutory definition of "employer" under the FCRA.

Therefore, the Court lacks jurisdiction over the Plaintiff's FCRA claims, and thus, dismissal of these claims with prejudice is warranted. *See Mousa*, 258 F. Supp. 2d at 1339-40 (explaining that the FCRA's "***fifteen-employee minimum [to qualify as an employer] is jurisdictional***") (emphasis added); *Keller*, 51 F. Supp. 2d 223 at 232 (dismissing Title VII claims pursuant to Fed. R. Civ. P. 12(b)(1) because the defendant proved it lacked the requisite fifteen employees during the relevant time period); *see also Glen Garron, LLC v. Buchwald*, 210 So. 3d 229 (Fla. 5th DCA 2017) (noting

3

that leave to amend should be denied when "an amended complaint could not possibility state a cause of action and amendment would be futile")

This outcome is consistent with the rationale behind the numerosity requirements found in employment acts, such as the FCRA, which is to spare small businesses, such as AMERIHOPE, from this form of liability. *See Miller v. Maxwell's Intern. Inc.,* 991 F. 2d 583 (9th Cir. 1993) (stating that "Title VII limits liability to employers with fifteen or more employees and the ADEA limits liability to employers with twenty or more employees,  in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims") (internal citations omitted); *Richardson v. Bedford Place Housing Phase I Associates*, 855 F. Supp. 366, 371 (N.D. Ga. 1994) (stating "[a]fter all, Congress recognized that there must be a limit to the use of Title VII to combat discrimination. Today, many Title VII cases that this court considers do not survive the pleadings stage and result in a judgment in favor of the defendant. Nonetheless, the cost of success on a motion to dismiss or motion for summary judgment runs in the tens of thousands of dollars. For small economic enterprises, such outlays threaten financial viability").

### III.    CONCLUSION

For the reasons set forth herein, the Defendant, GMN LAW GROUP LLC d/b/a AMERIHOPE ALLIANCE LEGAL SERVICES, LLC., respectfully requests that this Court dismiss Plaintiff's, JUNIE DESCOLLINE, Complaint with prejudice, award Defendant reasonable attorney's fees and costs, and grant such other and further relief as may be just, necessary and proper.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on June 8, 2021, the foregoing has been electronically filed with the Clerk of the Court via the Florida Courts E-Portal which will generate electronic service/copies to Jason S. Remer, Esq. (jremer@rgpattorneys.com), *Counsel for Plaintiff,* Remer & Georges-Pierre, PLLC, 44 W. Flagler Street, Suite 2200, Miami, FL 33130

**GALLUP AUERBACH**
*Counsel for Defendant*
4000 Hollywood Boulevard
Presidential Circle - Suite 265 South
Hollywood, Florida 33021
t: (954) 894-3035; f : (954) 894-8015
dgallup@gallup-law.com


By:   */s/ Dana M. Gallup*
      DANA M. GALLUP
      Florida Bar No. 0949329

5

# Exhibit "A"

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

JUNIE DESCOLLINE                                    CASE NO.  CACE-20-003410 (18)

     Plaintiff,

v.

GMN LAW GROUP LLC d/b/a AMERIHOPE
ALLIANCE LEGAL SERVICES, LLC

    Defendant.                        /

## AFFIDAVIT OF SHERRILL CLARK

    I, SHERRILL CLARK, hereby state as follows:

    1.    I have personal knowledge of the facts stated herein.

    2.    I am the Operations Manager of GMN LAW GROUP LLC d/b/a AMERIHOPE ALLIANCE LEGAL SERVICES, LLC ("AMERIHOPE")

    3.    Attached as Composite Exhibit 1 are true and accurate copies of AMERIHOPE's Quarterly Reports, also known as RT-6 reports, filed with the Florida Department of Revenue for the 2018 and 2019.

    4.    As reflected in the attached RT-6 reports, AMERIHOPE did not employ fifteen (15) or more employees during any twenty (20) week consecutive period in 2018 and 2019.

    5.    I declare under the penalty of perjury that the foregoing is true and correct.

**FURTHER AFFIANT SAYETH NAUGHT**

                            SHERRILL CLARK

STATE OF FLORIDA        )
                         )
COUNTY OF BROWARD    )

    SWORN UPON OATH AND SUBSCRIBED before me this 8 day of June 2021 by Sherrill Clark who is personally known to me or has produced N/A as identification.

GREGORY M. NORDT
Notary Public - State of Florida
Commission # HH 49962
My Comm. Expires Oct 28, 2023
Bonded through National Notary Assn.

Notary Public:
My commission expires:

1

# Exhibit "1"



# Florida Department of Revenue
## Employer's Quarterly Report
COMPLETE and MAIL your REPORT/PAYMENT to
5050 W. Tennessee St., Tallahassee, Florida 32399-0180

**PAYX**
**RT-6**
**R. 01/15**

Employers are required to file quarterly tax/wage reports regardless of employment activity or whether any taxes are due.

8843020180331006805403125002908247000003

| Quarter Ending | Due Date | Penalty After Date | Tax Rate | RT Account Number |
|---|---|---|---|---|
| 03/31/18 | 04/01/18 | 04/30/18 | REDACTED | REDACTED |

**Employer's Name** GMN LAW GROUP LLC

**Mailing Address** 7501 NW 4TH ST STE 207

**City/State/ZIP** PLANTATION FL 33317

F.E.I. Number
REDACTED

For Official Use Only — Postmark Date

1. Enter the total number of full-time and part-time covered workers who performed services during or received pay for the payroll period including the 12th of the month.

| | |
|---|---|
| 1st Month | 15 |
| 2nd Month | 15 |
| 3rd Month | 14 |

2. Gross wages paid this quarter (Must total all pages) .................................... REDACTED
3. Excess wages paid this quarter (See instructions) ....................................
4. Taxable wages for this quarter (See instructions) ....................................
5. Tax Due (Multiply Line 4 by tax rate) ...................................................... 1162.77
6. Penalty Due (See instructions) ............................................................
7. Interest Due (See instructions) ............................................................
8. Installment Fee (See instructions) .........................................................
9a. Total Amount Due (See instructions) ..................................................... 1162.77
9b. Amount Enclosed (See instructions) ...................................................... 1162.77

# All wage items must be reflected on the continuation sheet.

If you are filing as a sole proprietor, is this for domestic household employment only?  Yes [X] No

[ ] Check if you had out-of-state wages. Attach *Employer's Quarterly Report for Out-of-State Wages* (RT-6NF).   [ ] Check if final return   Date operations ceased. ___/___/___

"Under penalties of perjury, I declare that I have read this return and the facts stated in it are true (sections 443.171(5) Florida Statutes).
(DO NOT DETACH)

| Signature  REFERENCE COPY PREPARED BY PAYCHEX. | Date 04/01/18 | Signature of Preparer |
|---|---|---|
| Title  DO NOT FILE. | Telephone No. ( ) | Preparer's Telephone No. |

GMN LAW GROUP LLC
7501 NW 4TH ST STE 2
PLANTATION FL 33317

[ ] ► Check here if you transmitted funds electronically

RT Account Number: REDACTED

| DOR USE ONLY |
|---|
| ___/___/___ |
| POSTMARK OR HAND DELIVERY DATE |

**PAYX**
**RT-6**
**R.01/15**
Rule 73B-10.025
Florida Administrative Code

| | 15 | 15 |
|---|---|---|
| 14 | REDACTED | REDACTED |
| 116277 | 0 | 0 |
| 116277 | 116277 | 0 |
| 0 | 0 | 0 |
| 0 | 0 | 0 |
| 0 | 0 | 0 |
| 0 | 0 | 0 |

116277

8843 0 20180331 0068054031 2 5002908247 0000 3



**Florida Department of Revenue**
**Employer's Quarterly Report**
COMPLETE and MAIL your REPORT/PAYMENT to
5050 W. Tennessee St., Tallahassee, Florida 32399-0180

PAYX
RT–6
R. 01/15

Employers are required to file quarterly tax/wage reports regardless of employment activity or whether any taxes are due.

8843020180630006805403165002908247000 03

| Quarter Ending | Due Date | Penalty After Date | Tax Rate | RT Account Number |
|---|---|---|---|---|
| 06/30/18 | 07/01/18 | 07/31/18 | REDACTED | REDACTED |

**Employer's Name** GMN LAW GROUP LLC

**Mailing Address**     7501 NW 4TH ST STE 207

**City/State/ZIP**      PLANTATION FL 33317

F.E.I. Number
REDACTED

For Official Use Only – Postmark Date

1. Enter the total number of full–time and part–time covered workers who performed services during or received pay for the payroll period including the 12th of the month.

| | |
|---|---|
| 1st Month | 14 |
| 2nd Month | 14 |
| 3rd Month | 15 |

2. Gross wages paid this quarter (Must total all pages) ............................................ REDACTED
3. Excess wages paid this quarter (See instructions) ............................................ REDACTED
4. Taxable wages for this quarter (See instructions) ............................................
5. Tax Due (Multiply Line 4 by tax rate) ............................................ 110.70
6. Penalty Due (See instructions) ............................................
7. Interest Due (See instructions) ............................................
8. Installment Fee (See instructions) ............................................
9a. Total Amount Due (See instructions) ............................................ 110.70
9b. Amount Enclosed (See instructions) ............................................ 110.70

# All wage items must be reflected on the continuation sheet.

If you are filing as a sole proprietor, is this for domestic household employment only?  Yes  [X] No

☐ Check if you had out-of-state wages. Attach *Employer's Quarterly Report for Out-of-State Wages* (RT-6NF).

☐ Check if final return Date operations ceased.  ☐/☐☐/☐☐☐

"Under penalties of perjury, I declare that I have read this return and the facts stated in it are true (sections 443.171(5) Florida Statutes).

- - - - - - - - - - - - - - - - - - - - - - - (DO NOT DETACH) - - - - - - - - - - - - - - - - - - - - - - - - -

| Signature | Date | Signature of Preparer |
|---|---|---|
| REFERENCE COPY PREPARED BY PAYCHEX. | 07/01/18 | |
| Title | Telephone No. | Preparer's Telephone No. |
| DO NOT FILE. | ( ) | |

GMN LAW GROUP LLC
7501 NW 4TH ST STE 2
PLANTATION FL 33317

☐ ►Check here if you transmitted funds electronically

RT Account Number: REDACTED

| DOR USE ONLY |
|---|
| _____/_____/_____ |
| POSTMARK OR HAND DELIVERY DATE |

PAYX
RT–6
R.01/15
Rule 73B-10.025
Florida Administrative Code

| | | 14 | 14 |
|---|---|---|---|
| 15 | REDACTED | REDACTED | REDACTED |
| 11070 | 0 | 0 | 0 |
| 11070 | 11070 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |

11070

8843 0 20180630 0068054031 6 5002908247 0000 3



**Florida Department of Revenue**
**Employer's Quarterly Report**
COMPLETE and MAIL your REPORT/PAYMENT to
5050 W. Tennessee St., Tallahassee, Florida 32399-0180

PAYX
RT−6
R. 01/15

Employers are required to file quarterly tax/wage reports regardless of employment activity or whether any taxes are due.

8843020180930006805403135002908247 00003

| Quarter Ending | Due Date | Penalty After Date | Tax Rate | RT Account Number |
|---|---|---|---|---|
| 09/30/18 | 10/01/18 | 10/31/18 | REDACTED | REDACTED |

**Employer's Name** GMN LAW GROUP LLC

**Mailing Address** 7501 NW 4TH ST STE 207

**City/State/ZIP** PLANTATION FL 33317

F.E.I. Number
REDACTED

For Official Use Only − Postmark Date

1. Enter the total number of full−time and part−time covered workers who performed services during or received pay for the payroll period including the 12th of the month.

| | |
|---|---|
| 1st Month | 15 |
| 2nd Month | 14 |
| 3rd Month | 14 |

2. Gross wages paid this quarter (Must total all pages) .................................... REDACTED
3. Excess wages paid this quarter (See instructions) ....................................
4. Taxable wages for this quarter (See instructions) ....................................
5. Tax Due (Multiply Line 4 by tax rate) .................................... 50.23
6. Penalty Due (See instructions) ....................................
7. Interest Due (See instructions) ....................................
8. Installment Fee (See instructions) ....................................
9a. Total Amount Due (See instructions) .................................... 50.23
9b. Amount Enclosed (See instructions) .................................... 50.23

# All wage items must be reflected on the continuation sheet.

If you are filing as a sole proprietor, is this for domestic household employment only? ☐ Yes ☒ No

☐ Check if you had out−of−state wages. Attach *Employer's Quarterly Report for Out−of−State Wages (RT−6NF).*

☐ Check if final return Date operations ceased. ☐ / ☐ / ☐

"Under penalties of perjury, I declare that I have read this return and the facts stated in it are true (sections 443.171(5) Florida Statutes).

(DO NOT DETACH)

| Signature REFERENCE COPY PREPARED BY PAYCHEX. | Date 10/01/18 | Signature of Preparer |
|---|---|---|
| Title DO NOT FILE. | Telephone No. ( ) | Preparer's Telephone No. |

GMN LAW GROUP LLC
7501 NW 4TH ST STE 2
PLANTATION FL 33317

☐ ► Check here if you transmitted funds electronically

RT Account Number: REDACTED

DOR USE ONLY
___ / ___ / ___
POSTMARK OR HAND DELIVERY DATE

PAYX
RT−6
R.01/15
Rule 73B-10.025
Florida Administrative Code

| | 15 | 14 |
|---|---|---|
| 14 | REDACTED | REDACTE |
| 5023 | 0 | 0 | 0 |
| 5023 | 5023 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |

5023

8843 0 20180930 0068054031 3 5002908247 0000 3



## Florida Department of Revenue
## Employer's Quarterly Report
**COMPLETE and MAIL your REPORT/PAYMENT to**
5050 W. Tennessee St., Tallahassee, Florida 32399-0180

Employers are required to file quarterly tax/wage reports regardless of employment activity or whether any taxes are due.

PAYX
RT-6
R. 01/15

8843020181231006805403165002908247000 03

| Quarter Ending | Due Date | Penalty After Date | Tax Rate | RT Account Number |
|---|---|---|---|---|
| 12/31/18 | 01/01/19 | 01/31/19 | REDACTED | REDACTED |

**Employer's Name** GMN LAW GROUP LLC

**Mailing Address** 7501 NW 4TH ST STE 207

**City/State/ZIP** PLANTATION FL 33317

F.E.I. Number
REDACTED

For Official Use Only − Postmark Date

1. Enter the total number of full−time and part−time covered workers who performed services during or received pay for the payroll period including the 12th of the month.

| | |
|---|---|
| 1st Month | 14 |
| 2nd Month | 14 |
| 3rd Month | 14 |

2. Gross wages paid this quarter (Must total all pages) ............................................... REDACTED
3. Excess wages paid this quarter (See instructions) ...............................................
4. Taxable wages for this quarter (See instructions) ............................................... .00
5. Tax Due (Multiply Line 4 by tax rate) ............................................... .00
6. Penalty Due (See instructions) ...............................................
7. Interest Due (See instructions) ...............................................
8. Installment Fee (See instructions) ...............................................
9a. Total Amount Due (See instructions) ............................................... .00
9b. Amount Enclosed (See instructions) ............................................... .00

# All wage items must be reflected on the continuation sheet.

If you are filing as a sole proprietor, is this for domestic household employment only? ☐ Yes ☒ No

☐ Check if you had out-of-state wages. Attach *Employer's Quarterly Report for Out-of-State Wages* (RT-6NF).

☐ Check if final return Date operations ceased. ☐ / ☐ / ☐

"Under penalties of perjury, I declare that I have read this return and the facts stated in it are true (sections 443.171(5) Florida Statutes).

(DO NOT DETACH)

| Signature REFERENCE COPY PREPARED BY PAYCHEX. | Date 01/01/19 | Signature of Preparer |
|---|---|---|
| Title DO NOT FILE. | Telephone No. ( ) | Preparer's Telephone No. |

GMN LAW GROUP LLC
7501 NW 4TH ST STE 2
PLANTATION FL 33317

☐ ► Check here if you transmitted funds electronically

RT Account Number: REDACTED

**DOR USE ONLY**
_____ / _____ / _____
POSTMARK OR HAND DELIVERY DATE

PAYX
RT-6
R.01/15
Rule 73B-10.025
Florida Administrative Code

| 14 | REDACTED | 14 | 14 |
|---|---|---|---|
| 0 | 0 | REDACTED | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |

0

8843 0 20181231 0068054031 6 5002908247 0000 3



**Florida Department of Revenue**
**Employer's Quarterly Report**
COMPLETE and MAIL your REPORT/PAYMENT to
**5050 W. Tennessee St., Tallahassee, Florida 32399-0180**

PAYX
RT-6
R. 01/15

Employers are required to file quarterly tax/wage reports regardless of employment activity or whether any taxes are due.

8943020190331006805403185002908247000003

| Quarter Ending | Due Date | Penalty After Date | Tax Rate | RT Account Number |
|---|---|---|---|---|
| 03/31/19 | 04/01/19 | 04/30/19 | REDACTED | REDACTED |

**Employer's Name**  GMN LAW GROUP LLC
                     7501 NW 4TH ST STE 207
**Mailing Address**

**City/State/ZIP**  PLANTATION FL 33317

F.E.I. Number
REDACTED

For Official Use Only - Postmark Date

1. Enter the total number of full-time and part-time covered workers who performed services during or received pay for the period including the 12th of the month.

| | |
|---|---|
| 1st Month | 14 |
| 2nd Month | 14 |
| 3rd Month | 13 |

2. Gross wages paid this quarter (Must total all pages) ............................................... REDACTED
3. Excess wages paid this quarter (See instructions) ...............................................
4. Taxable wages for this quarter(See instructions) ...............................................
5. Tax Due (Multiply Line 4 by tax rate) ............................................... 1073.10
6. Penalty Due (See instructions) ...............................................
7. Interest Due (See instructions) ...............................................
8. Installment Fee (See instructions) ...............................................
9a. Total Amount Due (See instructions) ............................................... 1073.10
9b. Amount Enclosed (See instructions) ............................................... 1073.10

# All wage items must be reflected on the continuation sheet.

If you are filing as a sole proprietor, is this for domestic household employment only?  ☐ Yes  ☒ No

☐ Check if you had out-of-state wages. *Attach Employer's Quarterly Report for Out-of-State Wages (RT-6NF).*

☐ Check if final return
Date operations ceased.  ☐☐ / ☐☐ / ☐☐☐☐

"Under penalties of perjury, I declare that I have read this return and the facts stated in it are true (sections 443.171(5) Florida Statutes).
(DO NOT DETACH)

| Signature    REFERENCE COPY PREPARED BY PAYCHEK. | Date  04/01/19 | Signature of Preparer |
|---|---|---|
| Title    DO NOT FILE. | Telephone No.  ( ) | Preparer's Telephone No. |

GMN LAW GROUP LLC
7501 NW 4TH ST STE 2
PLANTATION FL 33317

☐ ► Check here if you transmitted funds electronically

RT Account Number: REDACTED

**DOR USE ONLY**
____ / ____ / ____
**POSTMARK OR HAND DELIVERY DATE**

**PAYX**
RT-6
R. 01/15

Rule 73B-10.025
Florida Administrative Code

| REDACTED | REDACTED | 14 | 14 |
|---|---|---|---|
| 13 | REDACTED | REDACTED | REDACTED |
| 107310 | 0 | 0 | 0 |
| 107310 | 107310 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |

107310

8943 0 20190331 0068054031 8 5002908247 0000 3



## Florida Department of Revenue
### Employer's Quarterly Report
**COMPLETE and MAIL your REPORT/PAYMENT to**
**5050 W. Tennessee St., Tallahassee, Florida 32399-0180**

PAYX
RT-6
R. 01/15

Employers are required to file quarterly tax/wage reports regardless of employment activity or whether any taxes are due.

8943020190630000680540312500290824700003

| Quarter Ending | Due Date | Penalty After Date | Tax Rate | RT Account Number |
|---|---|---|---|---|
| 06/30/19 | 07/01/19 | 07/31/19 | REDACTED | REDACTED |

**Employer's Name** GMN LAW GROUP LLC

**Mailing Address** 7501 NW 4TH ST STE 207

**City/State/ZIP** PLANTATION FL 33317

F.E.I. Number: REDACTED

For Official Use Only - Postmark Date

1. Enter the total number of full-time and part-time covered workers who performed services during or received pay for the period including the 12th of the month.

| | |
|---|---|
| 1st Month | 13 |
| 2nd Month | 13 |
| 3rd Month | 13 |

2. Gross wages paid this quarter (Must total all pages) ... REDACTED
3. Excess wages paid this quarter (See instructions) ...
4. Taxable wages for this quarter(See instructions) ...
5. Tax Due (Multiply Line 4 by tax rate) ... 35.84
6. Penalty Due (See instructions) ...
7. Interest Due (See instructions) ...
8. Installment Fee (See instructions) ...
9a. Total Amount Due (See instructions) ... 35.84
9b. Amount Enclosed (See instructions) ... 35.84

# All wage items must be reflected on the continuation sheet.

If you are filing as a sole proprietor, is this for domestic household employment only?  Yes [X] No

Check if you had out-of-state wages. *Attach Employer's Quarterly Report for Out-of-State Wages (RT-6NF).*

Check if final return. Date operations ceased.

"Under penalties of perjury, I declare that I have read this return and the facts stated in it are true (sections 443.171(5) Florida Statutes).
(DO NOT DETACH)

| Signature | Date |
|---|---|
| REFERENCE COPY PREPARED BY PAYCHEX. DO NOT FILE. | 07/01/19 |
| Title | Telephone No. ( ) |

Signature of Preparer
Preparer's Telephone No.

GMN LAW GROUP LLC
7501 NW 4TH ST STE 2
PLANTATION FL 33317

► Check here if you transmitted funds electronically

RT Account Number: REDACTED

**DOR USE ONLY**
___ / ___ / ___
POSTMARK OR HAND DELIVERY DATE

PAYX
RT-6
R. 01/15
Rule 73B-10.025
Florida Administrative Code

| | | 13 | 13 |
|---|---|---|---|
| 13 | REDACTED | REDACTED | REDACTED |
| 3584 | 0 | 0 | 0 |
| 3584 | 3584 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |

3584

8943 0 20190630 0068054031 2 5002908247 0000 3



**Florida Department of Revenue**
**Employer's Quarterly Report**
COMPLETE and MAIL your REPORT/PAYMENT to
**5050 W. Tennessee St., Tallahassee, Florida 32399-0180**

PAYX
RT-6
R. 01/15

Employers are required to file quarterly tax/wage reports regardless of employment activity or whether any taxes are due.

8943020190930006805403195002908247000003

| Quarter Ending | Due Date | Penalty After Date | Tax Rate | RT Account Number |
|---|---|---|---|---|
| 09/30/19 | 10/01/19 | 10/31/19 | REDACTED | REDACTED |

**Employer's Name**  GMN LAW GROUP LLC
7501 NW 4TH ST STE 207
**Mailing Address**

**City/State/ZIP**  PLANTATION FL 33317

F.E.I. Number
REDACTED

For Official Use Only - Postmark Date

1. Enter the total number of full-time and part-time covered workers who performed services during or received pay for the period including the 12th of the month.

| | |
|---|---|
| 1st Month | 13 |
| 2nd Month | 13 |
| 3rd Month | 13 |

2. Gross wages paid this quarter (Must total all pages) ....................................  REDACTED
3. Excess wages paid this quarter (See instructions) .....................................
4. Taxable wages for this quarter(See instructions) .......................................
5. Tax Due (Multiply Line 4 by tax rate) .......................................................  72.13
6. Penalty Due (See instructions) ................................................................
7. Interest Due (See instructions) ...............................................................
8. Installment Fee (See instructions) ...........................................................
9a. Total Amount Due (See instructions) ......................................................  72.13
9b. Amount Enclosed (See instructions) .......................................................  72.13

# All wage items must be reflected on the continuation sheet.

If you are filing as a sole proprietor, is this for domestic household employment only?  ☐ Yes  ☒ No

☐ Check if you had out-of-state wages. *Attach Employer's Quarterly Report for Out-of-State Wages (RT-6NF).*

☐ Check if final return
Date operations ceased.  ☐ / ☐ / ☐

*Under penalties of perjury, I declare that I have read this return and the facts stated in it are true (sections 443.171(5) Florida Statutes).
(DO NOT DETACH)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| Signature | REFERENCE COPY PREPARED BY PAYCHEX. | Date 10/01/19 | Signature of Preparer |
|---|---|---|---|
| Title | DO NOT FILE. | Telephone No. ( ) | Preparer's Telephone No. |

GMN LAW GROUP LLC
7501 NW 4TH ST STE 2
PLANTATION FL 33317

► ☐ Check here if you transmitted funds electronically

RT Account Number: REDACTED

DOR USE ONLY
____ / ____ / ____
POSTMARK OR HAND DELIVERY DATE

PAYX
RT-6
R. 01/15
Rule 73B-10.025
Florida Administrative Code

|  |  | 13 | 13 |
|---|---|---|---|
| 13 | REDACTED | REDACTED | REDACTED |
| 7213 | 0 | 0 | 0 |
| 7213 | 7213 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |

7213

8943 0 20190930 0068054031 9 5002908247 0000 3



PAYX ®

# Florida Department of Revenue
# Employer's Quarterly Report

**COMPLETE and MAIL your REPORT/PAYMENT to**
**5050 W. Tennessee St., Tallahassee, Florida 32399-0180**

PAYX
RT-6
R. 01/15

Employers are required to file quarterly tax/wage reports regardless of employment activity or whether any taxes are due.

8943020191231006805403125002908247000 03

| Quarter Ending | Due Date | Penalty After Date | Tax Rate | RT Account Number |
|---|---|---|---|---|
| 12/31/19 | 01/01/20 | 01/31/20 | REDACTED | REDACTED |

**Employer's Name** GMN LAW GROUP LLC

**Mailing Address** 7501 NW 4TH ST STE 207

F.E.I. Number
REDACTED

For Official Use Only - Postmark Date

**City/State/ZIP** PLANTATION FL 33317

1. Enter the total number of full-time and part-time covered workers who performed services during or received pay for the period including the 12th of the month.

| | |
|---|---|
| 1st Month | 13 |
| 2nd Month | 13 |
| 3rd Month | 13 |

2. Gross wages paid this quarter (Must total all pages) ........................................... REDACTED
3. Excess wages paid this quarter (See instructions) ...........................................
4. Taxable wages for this quarter(See instructions) ...........................................
5. Tax Due (Multiply Line 4 by tax rate) ........................................... 67.64
6. Penalty Due (See instructions) ...........................................
7. Interest Due (See instructions) ...........................................
8. Installment Fee (See instructions) ...........................................
9a. Total Amount Due (See instructions) ........................................... 67.64
9b. Amount Enclosed (See instructions) ........................................... 67.64

# All wage items must be reflected on the continuation sheet.

If you are filing as a sole proprietor, is this for domestic household employment only? ☐ Yes ☒ No

☐ Check if you had out-of-state wages. *Attach Employer's Quarterly Report for Out-of-State Wages (RT-6NF).*

☐ Check if final return
Date operations ceased.  ☐☐ / ☐☐ / ☐☐☐☐

"Under penalties of perjury, I declare that I have read this return and the facts stated in it are true (sections 443.171(5) Florida Statutes).
(DO NOT DETACH)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| Signature  REFERENCE COPY PREPARED BY PAYCHEX. | Date  01/01/20 | Signature of Preparer |
|---|---|---|
| Title  **DO NOT FILE.** | Telephone No.  ( ) | Preparer's Telephone No. |

GMN LAW GROUP LLC
7501 NW 4TH ST STE 2
PLANTATION FL 33317

▶ ☐ Check here if you transmitted funds electronically

DOR USE ONLY
___ / ___ / ___
POSTMARK OR HAND DELIVERY DATE

PAYX
RT-6
R. 01/15

Rule 73B-10.025
Florida Administrative Code

RT Account Number: _ REDACTED

| | | 13 | 13 |
|---|---|---|---|
| 13 | REDACTED | REDACTED | REDACTED |
| 6764 | 0 | 0 | 0 |
| 6764 | 6764 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |

6764

8943 0 20191231 0068054031 2 5002908247 0000 3

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

JUNIE DESCOLLINE,

      Plaintiff,                        Case No.: CACE-20-003410

v.

GMN LAW GROUP LLC d/b/a
AMERIHOPE ALIANCE LEGAL SERVICES, LLC

      Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, JUNIE DESCOLLINE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, GMN LAW GROUP LLC d/b/a AMERIHOPE ALIANCE LEGAL SERVICES, LLC ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for discriminatory treatment and retaliation predicted on Plaintiff's race pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981") to redress injuries resulting from Defendant's unlawful race discriminatory treatment of Plaintiff JUNIE DESCOLINE.

2. This Court has jurisdiction of the claims herein pursuant to 42 U.S.C. §1981.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, GMN LAW GROUP LLC d/b/a AMERIHOPE ALIANCE LEGAL SERVICES, LLC is a Florida Limited Liability Company and has a place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant.

1

5.   Venue is proper in Miami Dade County, Florida because all of the relevant actions that form the basis of this Complaint occurred within Miami Dade County, Florida.

6.   Plaintiff is Black Hatian and, thus, is a member of a protected race class under §1981.

7.   Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorney's fees, costs and damages.

8.   All conditions precedent for the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.   Plaintiff is a Black Haitian and began working for Defendant from on or about May 18, 2018 through April 9, 2019 as a Loan Modification Paralegal.

10. Plaintiff experienced disparate treatment from the owner Sherrill Clarke a white American.

11. Plaintiff was the only Black Haitian employee in the company.

12. Plaintiff was constantly harassed and blamed for other employee's mistakes by her supervisors and treated differently from white and/or Hispanic employees.

13. Plaintiff was reprimanded for going forty-five minutes overtime and then was forced to work thirty-nine hours for the following three weeks.

14. The non-black employees would never be reprimanded as such.

15. Melanie (LNU), a Black Jamaican female was the only other employee who received a similar punishment for working overtime.

16. Ms. Clark would belittle Plaintiff in front of other employees with the intention to embarrass her.

2

17. On or about February 12, 2019 Clark slammed a door in Plaintiffs face, and admitted to being disrespectful but stated she would never apologize.

18. Plaintiff made multiple oral complaints to Gregory Nordt and Rosie Delgado in 2018 and 2019.

19. In October of 2018, after receiving notice that Plaintiff had made a complaint against Sherrill Clark, Mrs. Clark retaliated by writing up Plaintiff without cause.

20. Plaintiff made additional oral complaints to Gregory Nordt in January and March of 2019 regarding harassment and discrimination.

21. Shortly after the March complaint to Mr. Nordt, on or about April 9, 2019 Plaintiff was terminated from the company by attorney Gregory Nordt, although the decision came was initially made by Sherrill Clarke.

22. Plaintiff subsequently sent an email notifying the company that Plaintiff felt like she was being bullied and discriminated against although Plaintiff had outstanding customer reviews great attendance.

23. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times did perform her job at satisfactory or above satisfactory levels.

24. Any explanation proffered by Defendant for the adverse employment actions toward Plaintiff is mere pretext for unlawful discrimination.

25. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

**COUNT I**
***Race Discrimination in Violation of 42 U.S.C. § 1981***
***Against GMN LAW GROUP LLC***

26.     Plaintiff JUNIE DESCOLLINE re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27.     Plaintiff is a member of a protected class under § 1981.

28.     By the conduct describe above, Defendant has engaged in discrimination against the Plaintiffs because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

29.     Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

30.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

31.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

32.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

33.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial

4

action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

35.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

37.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.   Award Plaintiffs the costs of this action, together with a reasonable attorney fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT II</u>
### *Retaliation in Violation of 42 U.S.C. § 1981*
### *Against GMN LAW GROUP LLC*

38.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

39.     Plaintiff is a member of a protected class under §1981.

40.     By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981.

41.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

42.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

43.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44.     The actions of the Defendant and/or its agents were willful, wanton, and

intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

46.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

g.  Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: June 16, 2021

Respectfully submitted,

/s/  *Daniel H. Hunt*
Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com
Daniel H. Hunt, Esq.
Florida Bar No.: 121247
dhunt@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Attorneys for Plaintiff

8